UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:

LEAH MOODY AND ROBERT RALL,

    Plaintiffs,

v.

ALSTON ALLIANCE INSURANCE
GROUP LLC, a Florida corporation, THEODORE
ALSTON III and JAMES ALLIANCE, individually,

    Defendants.
_____/

## COMPLAINT

Plaintiffs, LEAH MOODY AND ROBERT RALL, (herein referred to as "Plaintiff" and/or "MOODY/RALL"), by and through her undersigned counsel, hereby files this Complaint against Defendants, ALSTON ALLIANCE INSURANCE GROUP LLC (hereinafter referred to as "AAIG"), a Florida Profit Corporation, THEODORE ALSTON III and JAMES ALLIANCE (hereinafter, "ALSTON/ALLIANCE" and collectively, "Defendants"), and says:

### JURISDICTION AND VENUE

1. This action is brought against the Defendants pursuant to 29 U.S.C. § 201, et seq. (hereinafter the "Fair Labor Standards Act", the "FLSA" or the "Act"), and for violations under Florida common law.

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331 and §1367.

3. Venue is proper in the Southern District of Florida because Plaintiff was employed by Defendants in this District; because Defendants, at all material times, conducted

and continue to conduct business in the Southern District of Florida; because the acts that give rise to Plaintiff's claims within the Southern District of Florida; pursuant to 28 U.S.C. §§ 1391(b) and (c); and because Defendants are subject to personal jurisdiction herein.

4. Plaintiff says that all conditions precedent to the maintenance of this action have heretofore been performed or have been waived.

## PARTIES

5. Plaintiff MOODY is a resident of Broward County, Florida. During all times relevant to this Complaint, Plaintiff was employed by Defendants as a human resources manager. Plaintiff was therefore an "employee" as defined by 29 U.S.C. § 203(e) and covered as an individual under the FLSA.

6. Plaintiff RALL is a resident of Broward County, Florida. During all times relevant to this Complaint, Plaintiff was employed by Defendants as a sales floor manager. Plaintiff was therefore an "employee" as defined by 29 U.S.C. § 203(e) and covered as an individual under the FLSA.

7. Defendant AAIG is a corporation organized and existing under and by virtue of the laws of the State of Florida with its principal place of business in Lake Worth, Palm Beach County, Florida. AAIG has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

8. Specifically, AAIG is a full service insurance agency and its employees, including Plaintiffs, regularly handled goods which were transported across state lines. AAIG sells multiple lines of insurance including auto, life, dental, and health coverages.

9. At all times material to this Complaint, Defendants have had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce.

10. AAIG upon knowledge and belief, has gross revenue which exceeds $500,000 for the year 2021, which is its year of inception, and utilizes goods in the flow of commerce across state lines. AAIG is therefore covered as an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(s).

11. Defendant ALSTON, who resides in the Southern District of Florida, was, or now is, an owner and/or operator of Defendant AAIG.

12. Defendant ALSTON acted and acts directly in the interests of AAIG in relation to its employees. ALSTON had and exercised the authority to hire and fire employees, set the pay rate for the employees, and control the finances and operations of AAIG. Thus ALSTON was and is an employer within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

13. Defendant ALLIANCE acted and acts directly in the interests of AAIG in relation to its employees. ALLIANCE had and exercised the authority to hire and fire employees, set the pay rate for the employees, and control the finances and operations of AAIG. Thus, ALLIANCE was and is an employer within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d

14. This case is brought under 29 U.S.C. § 216(b). Defendants employed Plaintiff who was not paid minimum wages for all hours worked from the filing of this complaint, back to the start of the company.

## GENERAL ALLEGATIONS

15. Plaintiffs would have been exempt employees of Defendants had they actually been paid. However, Defendants have lost the right to the exemption by not paying Plaintiffs at

all for the services provided and are therefore subject to the payroll practices and procedures set forth hereinafter.

16. Plaintiff MOODY worked for Defendants from August 2021 until September 2021 as a human resources manager. Plaintiff was to have been paid a weekly salary of $1100.00 and was employed for three (3) weeks. Plaintiff MOODY had a written contract that also contained a two week notice provision, so she is owed an additional two weeks' compensation for a total of five (5) weeks. Contract attached as Exhibit A.

17. Plaintiff RALL worked for Defendants from August 2021 until September 2021 as a sales floor manager. Plaintiff was to have been paid a weekly salary of $2500.00 together with commissions and was employed for four (4) weeks. RALL was further entitled to a sign-on bonus per the written (text) offer from Defendants. Text attached as Exhibit B.

18. Plaintiffs were never compensated during their employment with Defendants.

19. Upon learning that Defendants were improperly paying her, Plaintiffs complained to ALSTON and/or ALLIANCE and requested that the issues be corrected immediately.

20. Defendants refused Plaintiffs' request to properly compensate them until Plaintiffs' separation from Defendants.

21. Due to Defendants' improper payroll practices and failure to properly pay Plaintiffs for all the hours they worked, together with Plaintiffs' requests to be properly compensated, Plaintiffs were terminated.

22. Plaintiffs have retained the undersigned firm to prosecute this action on their behalf and have agreed to pay it a reasonable fee for its services.

23. Plaintiffs are entitled to their reasonable attorneys' fees and costs if they are the prevailing party(ies) in this Action.

## COUNT I: VIOLATION OF FLSA / MINIMUM WAGE

24. Plaintiffs re-allege and re-aver paragraphs 1–23, as fully set forth herein.

25. During the course of Plaintiffs' employment with Defendants, Plaintiffs were not compensated for any and all hours that they worked.

26. Defendants completely failed to pay Plaintiffs any compensation.

27. The Defendants willfully violated §§ 6 and 15 of the FLSA by failing to compensate Plaintiff at a rate equal to the federal minimum wage for work performed while Defendants employed Plaintiff during the relevant time period.

28. As a direct result of Defendants' willful violation of federal laws, Plaintiff has suffered damages, including wages, liquidated damages, and costs and fees associated with this action.

**WHEREFORE**, Plaintiffs request judgment for:

a) Minimum wage payment, wages, salary, lost benefits, and any other compensation denied or lost to Plaintiffs by reason of Defendants' violation of the FLSA.

b) Interest on the amount found due;

c) Liquidated and compensatory damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

d) A jury trial on all issues so triable;

e) Assessment against Defendants of reasonable costs and reasonable attorney's fees of this action; and

f) Such other relief as the Court deems just and proper.

## COUNT II – UNPAID WAGES

29. Plaintiffs re-allege and re-aver paragraphs 1–23, as fully set forth herein.

30. Plaintiffs and Defendants entered into an oral agreement whereby Plaintiffs performed services as a human resources manager and sales floor manager in exchange for payment from Defendants.

31. According to the agreement, Defendants were to pay the MOODY $1100.00 per week and RALL $2500.00 per week, and additionally, for RALL, commissions.

32. Defendants have completely failed to pay Plaintiffs any compensation for the work performed on Defendants' behalf.

33. Plaintiff MOODY is owed $5500.00.

34. Plaintiff RALL is owed $10,000.00 together with an additional estimated $3500.00 in commissions, and the $7500.00 sign on payment.

35. Further, Plaintiffs are also entitled to liquidated damages pursuant to Fla. Stat. § 448.110(6)(c)(1).

**WHEREFORE**, Plaintiffs request judgment against Defendants as follows:

a) Unpaid wages of $5500.00 for MOODY;

b) Unpaid wages of $21,000.00 for RALL;

c) Liquidated damages pursuant to Fla. Stat. § 448.110(6)(c)(1);

d) Plaintiff's cost of suit, together with reasonable attorney's fees incurred in this action; and

e) Such other relief as the Court deems just and proper.

## COUNT III – VIOLATION OF FLSA
## (RETALIATION)

36. Plaintiffs re-allege and re-aver paragraphs 1–23, as fully set forth herein.

37. 29 U.S.C. §218c states:

> (a) Prohibition – No employer shall discharge or in any manner discriminate against any employee with respect to his or her compensation, terms, conditions, or other privileges of employment because the employee (or an individual acting at the request of the employee) has-
> * * *
> (5) objected to, or refused to participate in, any activity, policy, practice, or assigned task that the employee (or other such person) reasonably believed to be in violation of any provision of this title (or amendment), or any order, rule, regulation, standard, or ban under this title (or amendment).

38. Plaintiffs complained to ALSTON and/or ALLIANCE that they were not being properly compensated under the FLSA or otherwise.

39. Following their objection to Defendants' improper payroll practices, Defendants retaliated against Plaintiff by terminating Plaintiffs.

40. As a direct result of Defendants' retaliation for Plaintiffs' objections to their payroll practices, Plaintiffs have suffered monetary damages.

**WHEREFORE**, Plaintiffs request judgment for:

a) Back wages, lost benefits, and any other compensation denied or lost to Plaintiffs by reason of Defendants' violation of the FLSA.

b) Interest on the amount found due;

c) Liquidated and compensatory damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

d) A jury trial on all issues so triable;

e) Assessment against Defendants of reasonable costs and reasonable attorney's fees of this action; and

f) Such other relief as the Court deems just and proper.

## COUNT IV – STATE LAW RETALIATION

41. Plaintiffs re-allege and re-aver paragraphs 1–23, as fully set forth herein.

42. Per Florida Statute §448.105:

> It shall be unlawful for an employer or any other party to discriminate in any manner or take adverse action against any person in retaliation for exercising rights protected pursuant to s. 24, Art. X of the State Constitution.

43. Plaintiffs complained to ALSTON and/or ALLIANCE that they were not being properly compensated under Florida law.

44. Following their objection to Defendants' improper payroll practices, Defendants retaliated against Plaintiff by terminating Plaintiffs.

45. As a direct result of Defendants' retaliation for Plaintiffs' objections to their payroll practices, Plaintiffs have suffered monetary damages.

**WHEREFORE**, Plaintiffs request judgment for:

a) Back wages, lost benefits, and any other compensation denied or lost to Plaintiffs by reason of Defendants' violation of the FLSA.

b) Interest on the amount found due;

c) Liquidated and compensatory damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

d) A jury trial on all issues so triable;

e) Assessment against Defendants of reasonable costs and reasonable attorney's fees of this action; and

f) Such other relief as the Court deems just and proper.

## COUNT V – BREACH OF CONTRACT
## (MOODY AND AAIG ONLY)

46. Plaintiff MOODY re-alleges and re-avers paragraphs 1 – 23, as fully set forth herein.

47. Plaintiff MOODY and Defendant AAIG entered into a written agreement, wherein AAIG would compensate Plaintiff MOODY for her services.

48. Plaintiff performed all of her obligations pursuant to the written agreement (Exhibit A), but AAIG breached the agreement by refusing to compensate MOODY'S services properly.

49. Plaintiff has been damaged by Defendant's breach of Agreement and reasonably estimate that she is owed $5,500.00 as a base amount.

**WHEREFORE**, Plaintiff LEAH MOODY requests judgment as follows:

a) Compensatory damages in the amount of $5,500.00 or according to proof at trial;

b) Attorneys' fees and costs associated with this action pursuant to statute or contract; and

c) Such other relief as the Court deems just and proper.

## **JURY TRIAL DEMAND**

Plaintiffs hereby demand a trial by jury on all issues contained herein so triable as a matter of right.

Dated: November 22, 2021.

                                                        **LAW OFFICES OF CHARLES EISS, P.L.**
                                                       Attorneys for Plaintiff
                                                       7951 SW 6th Street, Suite 112
                                                       Plantation, Florida 33324
                                                       (954) 914-7890 (Office)
                                                       (855) 423-5298 (Facsimile)

By:    /s/ Charles Eiss
                                                        CHARLES M. EISS, Esq. (FBN: 612073)
                                                        chuck@icelawfirm.com
                                                        SHANNA WALL, Esq. (FBN: 0051672)
                                                        shanna@icelawfirm.com